UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner<br><br>v.<br><br>TROUTBROOK COMPANY, LLC D/B/A BROOKLYN 181 HOSPITALITY, LLC<br><br>Respondent | 21-CV |

**PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(J)
OF THE NATIONAL LABOR RELATIONS ACT**

To the Honorable Judges of the United States District Court for the Eastern District of New York:

Comes now Kathy Drew King, Regional Director for Region 29 of the National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended, ("the Act"), (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on the Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 29-CA-275229, alleging that Troutbrook Company, LLC d/b/a Brooklyn 181 Hospitality, LLC ("Respondent") has engaged in and is engaging in unfair labor practices in violation of Section 8(a)(1) and (5) of the Act. (29 U.S.C. § 158(a)(1) and (5)). In support of her Petition, Petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of Region 29 of the Board, an agency of the United States Government, and files this petition for an on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. (29 U.S.C. § 160(j)).

3. On April 5, 2021, the Charging Party, New York Hotel and Motel Trades Council, AFL-CIO ("the Union") filed an unfair labor practice charge with the Board in Case No. 29-CA-275229, alleging that Respondent was failing and refusing to bargain collectively in good faith with the Union in violation of Section 8(a)(1) and (5) of the Act. A copy of the charge is attached as Exhibit A.

4. On June 17, 2021, following a merit determination on the allegations in Case No. 29-CA-275229, the General Counsel of the Board, by Petitioner, issued a Complaint and Notice of Hearing alleging that Respondent engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. A copy of the Complaint and Notice of Hearing is attached as Exhibit B.

5. There is reasonable cause to believe that the allegations set forth in the Complaint in Case No. 29-CA-275229 are true, and that Respondent is engaging in unfair labor practices as alleged. Specifically, there is reasonably cause to believe that Respondent has been failing and refusing to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of Respondent's employees in violation of Section 8(a)(1) and (5). As such, Respondent is currently and actively depriving employees of their rights guaranteed in Section 7 of the Act, such that injunctive relief is necessary. In support of this request for relief, Petitioner will show as follows:

    (a) At all material times, Respondent, a limited liability company, with its

principal office located at 515 Madison Avenue, 31st Floor, New York, New York, and a place of business located at 181 3rd Avenue, Brooklyn, New York ("the Brooklyn facility) has been engaged in the operation of a hotel.

(b) During the past year, which period is representative of Respondent's operations generally, Respondent, in the course and conduct of its business operations described above in paragraph 5(a),

(ii) Derived gross annual reviews in excess of $500,000, and

(iii) Purchased and received at the Brooklyn facility goods, supplies, and materials in excess of $5,000 from enterprises located outside of the State of New York.

(c) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(d) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e) The following employees of Respondent ("the Unit") constitute a unit appropriate for the purpose of collective bargaining within the meaning of Section 9(b) of the Act:

> Included: All full-time and regular part-time front-desk employees, housemen/bellmen, housekeepers, laundry attendants and food and beverage employees employed by the Employer at 181 3rd Avenue, Brooklyn, New York.
>
> Excluded: Executive management, sales personnel, fire safety directors, all other employees including guards and supervisors, as defined by the National Labor Relations Act.

(f) On June On June 26, 2018, the Board conducted a representation election among Respondent's Unit employees.

(g) On August 3, 2018, based on objections to the election described above in paragraph 7, the Regional Director for Region 22 ordered that a re-run election be conducted.

  (h) (i) On September 6, 2018, the Board conducted a re-run election among Respondent's Unit employees.

  (ii) A majority of the Unit employees who voted in the September 6, 2018 election selected the Union as the exclusive collective bargaining representative of Respondent's Unit employees.

  (i) On September 24, 2018, the Board certified the Union as the exclusive collective-bargaining representative of the Unit.

  (j) At all times since September 24, 2018, the Union, by virtue of Section 9(a) of the Act, has been the exclusive representative of the Unit for purposes of collective bargaining.

  (k) At various times from about May 18, 2020 through April 21, 2021, Respondent and the Union met for the purposes of negotiating an initial collective-bargaining agreement with respect to wages, hours, and other terms and conditions of employment.

  (l) During the period described above in paragraph 9, Respondent engaged in the following conduct:

  (i) refused to provide comprehensive counterproposals,

  (ii) restricted the noneconomic subjects over which it would bargain, and

  (iii) refused to bargain about economic subjects until all noneconomic subjects of bargaining were resolved.

  (m) By its overall conduct, including the conduct described above in paragraph 5(l), Respondent has failed and refused to bargain collectively and in good faith with the Union as the exclusive collective bargaining representative of the Unit.

(n) By the conduct described above in paragraphs 5(l) and (m), Respondent has been failing and refusing to bargain collectively and in good faith with the Union as the exclusive collective bargaining representative of Respondent's employees, in violation of Section 8(a)(1) and (5) of the Act.

(o) The unfair labor practices of Respondent, described above, affect commerce within the meaning of Section 2(6) and (7) of the Act.

6. Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practices described above in Paragraph 5 is immediately enjoined and restrained, Respondent will continue to fail and refuse to bargain collectively and in good faith with the Union during the proceedings before the Board and any subsequent proceedings before a United States Court of Appeals, with the predictable result that employee support for the Union will be irreparably undermined and employees will be deprived of the benefits of collective bargaining and their Section 7 rights under the Act, all to the detriment of the policies of the Act, the public interest, the interest of the employees involved, and the interest of the Union and other labor organizations.

7. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and the public interest, and avoiding substantial, irreparable, and immediate injury to such policies and interest, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition of the matters involved pending before the Board, Respondent be enjoined and restrained as set forth below:

**WHEREFORE,** Petitioner prays:

That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show cause, if any, why a preliminary injunction should not issue enjoining and restraining Respondent, their officers, agents, representatives, servants, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters involved herein pending before the Board, as follows:

1. Cease and desist from:
   (a) Refusing to bargain collectively in good faith with the Union;
   (b) Refusing to provide comprehensive counterproposals to the Union;
   (c) Restricting the noneconomic subjects over which Respondent will bargain;
   (d) Refusing to bargain about economic subjects until all noneconomic subjects of bargaining have been resolved; and
   (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their Section 7 rights.
2. Take the following affirmative action designed to effectuate the policies of the Act:
   (a) Meet at reasonable times and places and bargain in good faith with the Union, including providing proposals on mandatory subjects of bargaining;
   (b) Post copies of the District Court's order in this matter at all locations where Respondent's notices to employees are customarily posted and maintain such notices free from all obstructions or defacements pending the Board's administrative proceeding; and,

6

      (c)      Within twenty (20) days of the issuance of this Order, file with the District Court and serve a copy upon the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible official which describes with specificity how the Respondent has complied with the terms of this decree, including the exact locations where the Respondent has posted the materials required under this Order.

Dated on August 20, 2020.

_____
Kathy Drew King
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201